IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| Plaintiff, | ◊ | |
| vs. | ◊ | Cv. No. 06-1003-T/An |
| | ◊ | Cr. No. 02-10051-T |
| LAMONT JACOBS, | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On January 3, 2006, defendant LaMont Jacobs, Bureau of Prisons Registration number 18262-076, an inmate at the Federal Correctional Complex ("FCC") in Forrest City, Arkansas, filed a pro se motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence for violating 21 U.S.C. § 841.

On September 16, 2002, a federal grand jury returned an indictment against Jacobs, charging him with once count of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841. On December 27, 2002, Jacobs pled guilty as charged. On March 26, 2003, this Court conducted a sentencing hearing and sentenced Jacobs to one hundred fifty-one (151) months of imprisonment, along with a three year term of supervised release. Judgment was entered on March 27, 2002. Jacobs appealed. On appeal, Jacob's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending the district court erred by denying defendant's motion for a downward departure. Counsel also filed a motion to withdraw which was granted. The Sixth Circuit determined that Jacobs was properly sentenced and affirmed the judgment of conviction and sentence. See United States v. Jacobs, 88 Fed. Appx. 854 (6th Cir. Feb. 9, 2004). Jacobs did not file a petition for writ of certiorari.

Jacobs now files this § 2255 motion contending that his sentence violates the principles enunciated in United States v. Booker, 543 U.S. 220 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) (AEDPA) created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), app. dismissed, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Sixth Circuit issued its decision on direct appeal on February

9, 2004, and Jacobs' conviction became final ninety days later, on May 10, 2004, when the time for filing a petition for a writ of certiorari expired.[1]  Accordingly, the limitations period expired on May 10, 2005, unless one of the conditions set forth above is applicable.  Jacobs' motion was deposited in the prison mail on January 3, 2006, and it would, therefore, appear to be untimely.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling.  Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.  This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly."  Amini, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .  Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day).

---

[1] The actual deadline fell on Sunday, May 9, 2004.  Accordingly, under Fed. R. Civ. P. 6, Jacobs' time was extended until the following Monday.

Thus, ignorance of the law by pro se litigants does not toll the limitations period. Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period.").

Rather than argue the he lacked notice of, or knowledge of, the filing requirement, Jacobs contends that United States v. Booker, 543 U.S. 220 (2005), is a "new rule of constitutional law" which started his AEDPA statute of limitations running anew. However, Jacobs cannot demonstrate that Booker has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In Booker, although the Supreme Court determined that its holding in Blakely v. Washington, 542 U.S. 296 (2004), applies to the Sentencing Guidelines, Booker, 543 U.S. at 242-44, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

Furthermore, the § 4B1.1 career offender enhancement "stems from the very type of recidivism enhancement that Almendarez-Torres v. United States, 523 U.S. 224 (1998), held

4

need not be charged and proved before a jury." United States v. Bradley, 400 F.3d 459, 462 (6th Cir. 2005). "From Apprendi [v. New Jersey, 530 U.S. 466 (2000)] to Blakely to Booker, the Court has continued to except such factfinding from the requirements of the Sixth Amendment." Id. Despite Justice Thomas' concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), foreshadowing the demise of the Almendarez-Torres exception, for now Almendarez-Torres remains the law. Thus, these recent decisions fail to provide Jacobs with any basis for relief.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's convictions and sentences are valid and her motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal

5

> right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the defendant's claims are clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court

---

[2] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and she may not proceed on appeal in forma pauperis. IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE